U.S. Department of Justice

Kenneth L. Wainstein
United States Attorney

District of Columbia

FILED
OCT 31 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

*Judiciary Center*
*555 Fourth St., N.W.*
*Washington, D.C. 20530*

June 9, 2006

<u>VIA FACSIMILE (202-544-0165)</u>
<u>AND FIRST-CLASS MAIL</u>

Elise Haldane, Esq.
303 E Street, N.E.
Washington, D.C. 20002

    Re:   <u>Jonathan L. Moreland</u>   06cr264 (SEALED)

Dear Ms. Haldane:

      This letter sets forth the full and complete plea offer to your client, Mr. Jonathan L. Moreland. This offer is binding only upon the Criminal Division of the United States Attorney's Office for the District of Columbia (hereafter "the government" or "this Office" or "USAO-DC"). This plea offer will expire on June 23, 2006. Upon receipt, the executed letter will itself become the plea agreement. The terms of the offer are as follows:

    1.   **Charges:** Mr. Moreland agrees to waive indictment and to plead guilty to a one-count information charging a violation of 18 U.S.C. § 1505 (Obstruction of Justice). It is understood that the guilty plea will be based on a factual admission of guilt to the offense charged to be made before the Court by Mr. Moreland and will be entered in accordance with Federal Rule of Criminal Procedure 11. Mr. Moreland agrees that the attached "Statement of the Offense" fairly and accurately describes Mr. Moreland's actions and involvement in the offense. It is anticipated that during the Rule 11 plea hearing, Mr. Moreland will adopt and sign the Statement of the Offense as a written proffer of evidence.

    2.   **Potential penalties, assessments, and restitution:** Mr. Moreland understands that the maximum sentence that can be imposed is 5 years of imprisonment, a fine of $250,000, or a fine of twice the pecuniary gain or loss pursuant to 18 U.S.C. § 3571(d), a $100 special assessment, a three-year term of supervised release, an order of restitution in the amount of $1,210,488.20, and an obligation to pay any applicable interest or penalties on fines or restitution not timely made. Additionally, he understands that he may be disqualified from holding any office of honor, trust, or profit under the United States. Notwithstanding the maximum sentence, Mr. Moreland understands that the sentence to be imposed in this case will be determined by the

Court, pursuant to the factors set forth in 18 U.S.C. § 3553(a), including a consideration of the guidelines and policies promulgated by the United States Sentencing Commission, Guidelines Manual (2002) (hereinafter "Sentencing Guidelines" or "U.S.S.G."). Mr. Moreland understands that this sentence, including the applicable sentencing guideline range, will be determined solely by the Court, and the government cannot and does not make any promises, representations, or predictions regarding what sentence the Court will impose. Mr. Moreland further understands that if the Court imposes a sentence greater than that provided in the Sentencing Guidelines range as determined by the Court, or which is in any other way unsatisfactory to him, he cannot move to withdraw his guilty plea. This does not, however, limit Mr. Moreland's right to appeal an unlawful sentence.

3. **Federal Sentencing Guidelines**: The parties agree that the following Sentencing Guideline Sections apply:

| | | |
|---|---|---|
| § 2J1.2 | Cross-Reference to 2X3.1 (accessory after the fact) | |
| § 2B1.1 | | |
| | (a) Base Offense Level | 6 |
| | (b)(1)(I) Loss between $1,000,000 and $2,500,000 | 16 |
| | (b)(2)(A) More than 10 victims | 2 |
| § 2X3.1 | Calculation of Base Offense Level less 6 points | -6 |
| Sub-Total | | 18 |
| | 3E.1.1 Acceptance of Responsibility | -3 |
| Total | | <u>15</u> |

Your client and this Office agree that the foregoing calculation accurately reflects the United States Sentencing Guidelines applicable to this plea. In the event that this plea offer is either not accepted by Mr. Moreland or is accepted by Mr. Moreland but the guilty plea is either rejected by the Court or subsequently is withdrawn, the parties will not be bound by the proposed interpretations of applicable Sentencing Guidelines provisions contained herein.

4. **Financial Arrangements**: Mr. Moreland agrees that prior to or at the time of the sentencing, he will deliver to the Clerk's Office, United States District Court for the District of Columbia, a certified check in the amount of $100.00 to cover the special assessment as required in 18 U.S.C. § 3013. Mr. Moreland also agrees to provide a full and complete accounting of all

assets, real or tangible, held by him or in any other name for his benefit, and, to that end, to submit a standard form 500 (Financial Statement of Debtor).

     5.     **Cooperation**: Mr. Moreland agrees to cooperate with the government on the following terms and conditions:

     a.     Mr. Moreland shall cooperate truthfully, completely, and forthrightly with this Office and other federal, state, and local law enforcement authorities identified by this Office in any matter as to which the government deems the cooperation relevant. Mr. Moreland acknowledges that his cooperation may include, but will not necessarily be limited to, answering questions, providing sworn written statements, taking government-administered polygraph examination(s), and participating in covert law enforcement activities.

     b.     Mr. Moreland shall promptly turn over to the government or other law enforcement authorities or direct such law enforcement authorities to any and all evidence of crime, all contraband and proceeds of crime, and all assets traceable to such proceeds of crime.

     c.     Mr. Moreland shall testify fully and truthfully before any grand jury in the District of Columbia, and elsewhere, and at all trials of cases or other court proceedings in the District of Columbia, and elsewhere, at which his testimony may be deemed relevant by the government.

     d.     Mr. Moreland agrees not to disclose to any person or entity the fact of or details regarding his cooperation with law enforcement authorities.

     e.     Mr. Moreland understands and acknowledges that nothing in this agreement allows him to commit any criminal violation of local, state, or federal law during the period of his cooperation with law enforcement authorities or at any time prior to the sentencing in this case. The commission of a criminal offense during the period of his cooperation or at any time prior to sentencing will constitute a breach of this plea agreement and will relieve the government of all its obligations under this agreement. However, Mr. Moreland acknowledges and agrees that such a breach of this agreement will not entitle him to move to withdraw his plea of guilty. Mr. Moreland further understands that, to establish a breach of this agreement, the government need only prove his commission of a criminal offense by a preponderance of the evidence.

     6.     **Government Concessions**: In exchange for his guilty plea, the government agrees not to oppose Mr. Moreland's release pending sentencing, agrees not to oppose a three-level adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1, agrees not to oppose Mr. Moreland's voluntary surrender to commence serving any sentence which is imposed, provided that Mr. Moreland continues to show his acceptance of responsibility, as set forth in U.S.S.G. § 3E1.1, by: (a) cooperating with the presentence report writer (including answering all material questions truthfully and providing all financial information requested); (b)

cooperating fully and truthfully with the Court in any proceeding arising from this matter; (c) complying with the other provisions of this agreement; and (d) abiding by the conditions set for his release by the Court. Also, subject to other paragraphs in this agreement, the government will not bring any additional criminal charges against Mr. Moreland in the United States District Court for the District of Columbia or the Superior Court of the District of Columbia for the offenses outlined in the attached Statement of Offense. This agreement not to prosecute Mr. Moreland does not extend to federal or local crimes of violence as those terms are defined in 18 U.S.C. § 16 and D.C. Code § 23-1331(4). It is understood that the government has no evidence, as of the date of this agreement, of any crimes of violence involving Mr. Moreland.

7. **Bond Conditions**: Mr. Moreland understands that the Court is not obligated to follow any recommendation of the government regarding bond status and that the final decision regarding his bond status or detention will be made by the Court at the time of his plea of guilty. The Court's decision in these regards is not grounds for withdrawal from this agreement.

8. **Departure Committee**: At the time of Mr. Moreland's sentencing, the government will advise the sentencing judge and the United States Probation Office in the District of Columbia of the full nature, extent, and value of the cooperation provided by Mr. Moreland to the government. In addition, before sentencing, the government will inform the Departure Committee of the United States Attorney's Office for the District of Columbia of the full nature, extent, and value of the cooperation provided by Mr. Moreland to the government. If the Departure Committee determines that Mr. Moreland has provided substantial assistance in the investigation or prosecution of another person or entity that has committed any offense, then this Office will file a motion pursuant to U.S.S.G. § 5K1.1. Mr. Moreland understands that the determination of whether he has provided "substantial assistance" is within the sole discretion of the United States Attorney for the District of Columbia. Mr. Moreland further understands that the failure of this Office to file a "substantial assistance" departure motion is not a ground for him to move to withdraw his plea of guilty in this case.

9. **Reservation of Allocution**: The government reserves its full right of allocution, including, among other things, the right: (a) to inform the presentence report writer of any relevant facts; (b) to dispute factual inaccuracies in the presentence report and to contest any matters not provided for in this plea agreement; and (c) to set forth at sentencing and at any proceedings before the Bureau of Prisons all of its evidence with respect to all of Mr. Moreland's criminal activities, subject to the provisions of the following paragraph.

If in this plea agreement the government has agreed to recommend or refrain from recommending to the sentencing judge a particular resolution of any sentencing issue, the government reserves the right to full allocution in any post-sentence litigation in order to defend the sentencing judge's ultimate decision on such issues.

10. **Use of Certain Information**: The parties hereby agree that, since Mr. Moreland has agreed to cooperate with the government, information provided by Mr. Moreland during the

course of his cooperation shall not be used against him, except:

    a.    in a prosecution for perjury or giving a false statement;

    b.    if there is a breach of this agreement by Mr. Moreland, as determined under the provisions of this agreement.

In both situations described in subparagraphs a. and b. immediately above, any statement made by Mr. Moreland in connection with his cooperation may be used against him directly and indirectly.

    c.    In the case of information that was known to the government prior to the date of the execution of Mr. Moreland's plea agreement, such information may be used, and provided to the United States Probation Office, to calculate his sentence under the Sentencing Guidelines.

11.    **Breach of Agreement**: Mr. Moreland agrees that if he fails to make a complete, truthful, and candid disclosure to law enforcement officers, government attorneys, and/or grand juries, or the Court, and/or if he fails to comply with any of the provisions of this plea agreement, makes false or misleading statements before the Court, commits any further crimes, and/or attempts to withdraw the plea, the government will have the right to characterize such conduct as a breach of this plea agreement. Moreover, if during an investigation or prosecution Mr. Moreland should commit perjury, knowingly give any false statement, commit any act of contempt, or obstruct justice, the government may prosecute him for these offenses to the fullest extent provided by law. In the event of a breach of this agreement, (a) the government will be free from its obligations under the agreement and may take whatever position it believes appropriate as to the sentence and the conditions of Mr. Moreland's release (for example, should Mr. Moreland commit any conduct after the date of this agreement that would form the basis for an increase in Mr. Moreland's offense level or justify an upward departure – examples of which include, but are not limited to, obstruction of justice, failure to appear for a court proceeding, criminal conduct while pending sentencing, and false statements to law enforcement agents, a probation officer, or Court – the government is free under this agreement to seek an increase in the offense level based on that post-agreement conduct); (b) Mr. Moreland will not have the right to move to withdraw the guilty plea; (c) Mr. Moreland shall be fully subject to criminal prosecution for any other crimes which he has committed or might commit, if any, including but not limited to perjury and obstruction of justice; and (d) the government will be free to use against Mr. Moreland, directly and indirectly, in any criminal or civil proceeding any of the information or materials provided by him pursuant to this agreement.

In the event of a dispute as to whether Mr. Moreland has breached this agreement, and if Mr. Moreland so requests, the matter shall be submitted to the Court and shall be resolved by the Court in an appropriate proceeding at which any information provided to the government prior to, during, or after the execution of the plea agreement shall be admissible and at which the

government shall have the burden to establish a breach by a preponderance of the evidence.

12. **Statute of Limitations Waiver:** If the defendant breaches this plea agreement, any prosecutions of the defendant not time-barred by the applicable statute of limitations on the date of the signing of this agreement may be commenced against the defendant in accordance with this paragraph, notwithstanding the running of the applicable statute of limitations before the commencement of such prosecutions. Mr. Moreland knowingly and voluntarily agrees to waive any and all defenses based on the statute of limitations for any prosecutions commenced pursuant to the provisions of this paragraph.

13. **Presence of Counsel:** At all debriefing and interviewing sessions conducted by investigators and/or attorneys for the government, Mr. Moreland shall be entitled to the presence, advice, and assistance of counsel, unless waived.

14. **USAO-DC's Criminal Division Bound:** Mr. Moreland understands that this agreement is binding only upon the Criminal Division of the United States Attorney's Office for the District of Columbia. This agreement does not bind the Civil Division of this Office or any other United States Attorney's Office, nor does it bind any other state, local, or federal prosecutor. It also does not bar or compromise any civil, tax, or administrative claim pending or that may be made against Mr. Moreland.

15. **Complete Agreement:** No other agreements, promises, understandings, or representations have been made by the parties or their counsel than those contained in writing herein, nor will any such agreements, promises, understandings, or representations be made unless committed to writing and signed by Mr. Moreland, Mr. Moreland's counsel, and an Assistant United States Attorney for the District of Columbia.

If the foregoing terms and conditions are satisfactory, Mr. Moreland may indicate his assent by signing the agreement in the space indicated below and returning the original to me once it has been signed by Mr. Moreland and his counsel.

Sincerely yours,

KENNETH L. WAINSTEIN
UNITED STATES ATTORNEY

By: DAVID CAREY WOLL, JR.
Assistant United States Attorney

I have read this plea agreement and have discussed it with my attorney, Elise Haldane, Esq., and I fully understand this agreement and agree to it without reservation. I do this voluntarily and of my own free will, intending to be legally bound. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this agreement fully. I am pleading guilty because I am in fact guilty of the offense identified in paragraph one.

I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this plea agreement. I am satisfied with the legal services provided by my attorney in connection with this plea agreement and matters related to it.

Date: 10/31/06

_____
Jonathan L. Moreland
Defendant

I have read each page of this plea agreement, reviewed them with my client, and discussed the provisions of the agreement with my client, fully. These pages accurately and completely set forth the entire plea agreement. I concur in my client's desire to plead guilty as set forth in this agreement.

Date: October 31, 2006

_____
Elise Haldane, Esquire
Attorney for Jonathan L. Moreland